# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:12mc15

JAMES EDWARD MacALPINE,  )
                                    )
         Petitioner,      )
                                    )
             vs.                  )          **O R D E R**
                                    )
THE UNITED STATES,         )
                                    )
         Respondent.    )
                                    )

**THIS MATTER** is before the Court on the Petitioner's pro se Petition to Quash Summons [Doc. 1] and Amended Petition to Quash Summons [Doc. 4].

The Petition consists of forty-six pages of rambling and often frivolous commentary. [Id.]. A reading of portions of the filings indicates that the Petitioner, who is no stranger to this Court, seeks to quash a third-party summons issued by the Internal Revenue Service (IRS) to Wells Fargo Bank, NA.[1] [Id. at 23 -25]. Among the over one hundred pages of documents attached to the Petition is a copy of an IRS summons issued to a different

---

[1] The Petitioner has a history in this Court of filing petitions to quash third-party summonses issued by the IRS and, likewise, a history of being unsuccessful in doing so. MacAlpine v. United States, 1:05mc237; MacAlpine v. United States, 1:06mc11.

entity as well as a copy of the summons issued to Wells Fargo.[2] [Doc. 1-1 at 3-10]. It is unclear from the voluminous filing whether the Petitioner seeks to quash the other summons as well. Other attachments are simply copies of federal regulations and statutes.

The law provides that when the IRS issues a summons to a third-party record keeper, the taxpayer to whom the summons relates may begin a proceeding to quash the summons within twenty days of the mailing of the notice from the Secretary.[3] 26 U.S.C. §7609(b)(2)(A). This proceeding was filed on April 11, 2012 and, therefore, is untimely as to either of the summonses which were issued on March 20, 2012. Berman v. United States, 264 F.3d 16, 18-9 (1st Cir. 2001) (twenty day period runs from date of mailing not receipt and provision of Rule 6 for additional three days inapplicable to §7609(b)(2) which is a statute of limitations); Faber v. United States, 921 F.2d 1118, 1119 (10th Cir. 1990) (timely filing of the proceeding is a jurisdictional prerequisite); Johnson v. United States, 2008 WL 4560726 (W.D.N.C. 2008); Wahler v. United States, 2002 WL 32081856 **4 n.3 (W.D.N.C. 2002), affirmed 62 F. App'x. 526 (4th Cir. 2003).

---

[2]"'Judges are not like pigs, hunting for truffles buried in briefs.'" Teague v. Bakker, 35 F.3d 978, 985 n.5 (4th Cir.), cert. denied 513 U.S. 1153, 115 S.Ct. 1107, 130 L.Ed.2d 1073 (1995) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)).

[3]Banks qualify as third-party record keepers. 26 U.S.C. §7603.

In addition to the requirement that the proceeding be brought within the twenty day period, the taxpayer seeking to quash the summons must "mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice" within that same twenty day period. 26 U.S.C. §7609(b)(2)(B). Thus, the Petitioner must file proof of service on the party to whom the third-party summons was issued and the office designated by the Secretary in the notice. Failure to do so deprives the district court of jurisdiction to entertain the proceeding. Dorsey v. United States, 618 F.Supp. 471, 474 (D.Md. 1985). "The failure to comply strictly with §7609(b)(2)(B) results in a finding ... that the [United States has] not waived [its] sovereign immunity and that the petition to quash those summonses must be dismissed." Maikronz v. United States, 612 F.Supp. 590, 591 (S.D.Ind. 1985).

The Petitioner attached to the Petition a Certificate of Service showing that he mailed copies of the Petition by first class mail instead of by registered or certified mail. [Doc. 4 at 46]. The Certificate of Service also shows that the service was not made within the twenty day period prescribed by the statute. [Id.]. The Petitioner, moreover, did not show that he mailed the Petition to Wells Fargo, the third-party record keeper. [Id.]. Thus, this Court has no

3

jurisdiction and the proceeding must be dismissed. Miles v. United States, 2008 WL 5869856 (E.D.Va. 2008) (service must be made on third-party to whom summons issued); MacAlpine v. United States, 2006 WL 695179 (W.D.N.C. 2006); Vaughan v. United States, 2002 WL 1058118 (E.D.N.C. 2002); Zimmerman v. United States, 2000 WL 1280908 (E.D.Cal. 2000) (where petitioner failed to file proof of service, court had no jurisdiction).

The docket of the proceeding shows that summonses were issued conventionally in this matter. [Doc. 2; Doc. 3]. The issuance of summonses was improper since it is incumbent on the Petitioner to file proof that he served the appropriate parties by registered or certified mail within the twenty day period referenced herein. The Petitioner may not avoid the statutory requirements by use of summonses issued improperly and after the deadline imposed by statute. Indeed, the Petitioner's previous experiences in this Court show that he is well aware of such requirements.

**IT IS, THEREFORE, ORDERED** that the Petitioner's pro se Petition to Quash Summons [Doc. 1] and Amended Petition to Quash Summons [Doc. 4] are **DISMISSED**.

Signed: April 17, 2012

Martin Reidinger
United States District Judge