IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:12mc15

| | |
|---|---|
| JAMES EDWARD MacALPINE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the Petitioner's *pro se* Motion to Reconsider [Doc. 6].

On April 17, 2012, the Petitioner's Petition to Quash Summons [Doc. 1] was dismissed as untimely. [Doc. 5]. The Petitioner who has filed two other petitions to quash a third-party summons issued by the Internal Revenue Service (IRS), sought to quash a third-party summons issued by the IRS to Wells Fargo Bank, NA (Wells Fargo).[1] [Doc. 1 at 23 -25]. In response to that dismissal, the Petitioner then filed a Motion to Reconsider in which he

---

[1] The Petitioner has a history in this Court of filing petitions to quash third-party summonses issued by the IRS and, likewise, a history of being unsuccessful in doing so. MacAlpine v. United States, 1:05mc237; MacAlpine v. United States, 1:06mc11.

essentially blames the staff of the Clerk of this Court for the untimeliness of his motion. [Doc. 6]. Among the allegations cast upon that office are the following: (1) it was impossible for him to timely file the petition on April 10, 2012 because the Clerk's office was closed; thus, the petition filed on April 11, 2012 was timely; and (2) he received inaccurate advice from the deputy clerks within the Clerk's office upon which he relied; thus, he should not be blamed for an untimely filing.

On March 20, 2012, a third-party summons was issued by the IRS to Wells Fargo and a copy thereof along with Notice was sent to the Petitioner. [Doc. 1-1 at 8-10]. Included in the Notice were instructions as to the manner of filing a petition to quash the third-party summons. [Id. at 10]. Among the instructions provided were the following: "You must file your petition *within 20 days from the date of this notice* and pay a filing fee as may be required by the clerk of the court." [Id.] (emphasis provided). It is undisputed that the summons and notice attached thereto were dated March 20, 2012. [Id. at 8].

As stated in the Notice, 26 U.S.C. §7609(b)(2)(A) provides that when the IRS issues a summons to a third-party record keeper, the taxpayer to whom the summons relates may begin a proceeding to quash the summons within

twenty days of the date of the summons and notice from the IRS.[2] The twentieth day after the issuance of that summons was April **9**, 2012. Thus, this proceeding, filed on April 11, 2012, is untimely. Berman v. United States, 264 F.3d 16, 18-9 (1st Cir. 2001) (twenty day period runs from date of issuance not receipt and provision of Rule 6 for additional three days inapplicable to §7609(b)(2) which is a statute of limitations); Faber v. United States, 921 F.2d 1118, 1119 (10th Cir. 1990) (timely filing of the proceeding is a jurisdictional prerequisite); Johnson v. United States, 2008 WL 4560726 (W.D.N.C. 2008); Wahler v. United States, 2002 WL 32081856 **4 n.3 (W.D.N.C. 2002), affirmed 62 F. App'x. 526 (4th Cir. 2003).

By virtue of the Petitioner's own statements, he made no attempt to file anything on or before April 9, 2012. He asserts that his first contact with the Court was on April 10, 2012, which is after the time had already expired. [Doc. 6 at 3-4]. Petitioner claims that on April 10, 2012 he was told by a deputy clerk of court that he needed summonses and that he appeared at the Clerk's office that afternoon only to find it closed. This, however, is irrelevant. The time within which the Petitioner could have filed a petition to quash expired the day before, on April 9, 2012. For this reason his claims that he received

---

[2]Banks qualify as third-party record keepers. 26 U.S.C. §7603.

conflicting information from employees of the Clerk's office on April 10, 11 and 12 of 2012 are likewise of no moment.[3]  Berman, 264 F.3d at 19-20 (where IRS agent's statement of deadline was made after the 20 day period had already expired, taxpayer could not show any reliance thereon).

Because the petition to quash was untimely filed, it is unnecessary to reach the many other arguments raised.

**IT IS, THEREFORE, ORDERED** that the Petitioner's *pro se* Motion to Reconsider [Doc. 6] is hereby **DISMISSED**.

Signed: May 29, 2012

Martin Reidinger
United States District Judge

---

[3] The Court notes that the Petitioner quotes statements purportedly made to him over the telephone by various such employees, indicating that he surreptitiously tape recorded conversations with federal employees without permission or knowledge. [Doc. 6 at 3].  The Court therefore directs that a copy of Document 6 as well as this Order be provided to the United States Attorney for the Western District of North Carolina.